# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2022

Lyle W. Cayce
Clerk

No. 20-60142
Summary Calendar

———

Santos Rosa Lopez-Mejia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 780 333

———

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:\*

Santa Rosa Lopez-Mejia, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief under the

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60142

Convention Against Torture (CAT).  Lopez-Mejia argues that the BIA erred because it relied *on Matter of A-B-*, 27 I. & N. Dec. 316, 320 (A.G. 2018) (A-B-I) and did not individually consider the cognizability of her proposed particular social group (PSG) based on domestic violence, "Honduran women in abusive domestic relationships who are unable to leave the relationship."  She contends that the PSG is cognizable.  She further argues that she established a nexus between the persecution suffered and her proposed PSG.  With regard to the denial of CAT relief, Lopez-Mejia contends that the BIA did not provide a sufficient reasoned basis for its decision and that the evidence supported relief.

These arguments are reviewed under the substantial evidence standard.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018), and we review legal questions de novo, *Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997).  Because her claim concerning the BIA's failure to provide a sufficient reasoned basis for the denial of CAT relief is raised for the first time in this court, we lack jurisdiction to consider it.  *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1).

Lopez-Mejia's asylum claim based on membership in the proposed PSG fails because it is not cognizable.  *See Jaco v. Garland*, 24 F. 4th 395, 405-07 & n.4 (5th Cir. 2021).  Because she has shown no error in connection with the BIA's rejection of her proposed particular social group, there is no need to consider the remaining argument concerning the nexus requirement.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  She thus has shown no error in connection with the BIA's conclusion that she had not shown eligibility for asylum or withholding of removal.  *See Zhang*, 432 F.3d at 344; *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

2

No. 20-60142

As to her CAT claim, Lopez-Mejia has not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether she more likely than not would be tortured with government acquiescence if repatriated. *See Zhang*, 432 F.3d at 344; *see also Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The petition for review is DISMISSED in part and DENIED in part.